OPINION
{¶ 1} Defendant-appellant, Timothy L. Hancock, appeals a decision of the Warren County Court of Common Pleas sentencing him to life imprisonment without parole following his conviction for aggravated murder. For the reasons outlined below, we affirm the decision of the trial court. *Page 2 
 {¶ 2} Appellant was incarcerated at the Warren Correctional Institution for a 1990 aggravated murder conviction. In November 2000, appellant was double celled with another inmate, Jason Wagner, who was serving time for the abduction and rape of a young girl. After Wagner's lifeless body was discovered bound to his bed with a cloth ligature around his neck, appellant confessed to the murder.
 {¶ 3} Appellant was tried by jury and found guilty of aggravated murder in violation of R.C. 2903.01(A) and two death penalty specifications, offense committed while under detention and prior murder conviction. R.C. 2929.04(A)(4) and (5), respectively. The jury recommended the death penalty. The trial court declared a mistrial of the sentencing phase, however, based upon the improper submission of certain trial phase exhibits to the jury which had been excluded from evidence. The trial court did not weigh the aggravating circumstances and mitigating factors pursuant to R.C 2929.03 (D) and (F), but sentenced Hancock to life in prison without parole.
 {¶ 4} On appeal, this court reversed the trial court's decision and remanded the case to the trial court to re-impose the death penalty sentence. On appeal to the Ohio Supreme Court, the high court affirmed appellant's conviction but remanded the case for a new sentencing phase trial pursuant to R.C. 2929.06(B). Following the new hearing, the trial court sentenced appellant to life in prison without parole. Appellant timely appeals, raising five assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT PLACED THE BURDEN OF PROOF ON DEFENDANT DURING THE SENTENCING-PHASE TRIAL." *Page 3 
 {¶ 7} Assignment of Error No. 3:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FAILED TO PROPERLY INSTRUCT THE JURY AS TO THE BURDEN OF PROOF."
 {¶ 9} Because appellant's first and third assignments of error both relate to the burden of proof, we shall address them together. Appellant argues that the trial court erroneously shifted the burden during the new sentencing trial by instructing the jury during voir dire that it must accept the previous jury's findings that appellant was guilty of the two aggravating circumstances. As a result, according to appellant, the burden was shifted to him to persuade the jury that the aggravating circumstances did not outweigh the mitigating factors in order to establish that the death penalty was inappropriate. Appellant protests that the new jury did not hear the evidence presented at the guilt phase of the case, and was therefore unable to consider any of that evidence as mitigation.
 {¶ 10} The burdens of proof placed upon the parties during the sentencing phase of a capital case are clearly delineated by statute. R.C. 2929.03 governs the imposition of sentence for a capital offense. The statute provides:
 {¶ 11} "The defendant shall have the burden of going forward with the evidence of any factors in mitigation of the imposition of the sentence of death. The prosecution shall have the burden of proving, by proof beyond a reasonable doubt, that the aggravating circumstances the defendant was found guilty of committing are sufficient to outweigh the factors in mitigation of the imposition of the sentence of death." R.C. 2929.03(D)(1). *Page 4 
 {¶ 12} Appellant's conviction was upheld by the Ohio Supreme Court, which remanded for a new sentencing phase trial only. See State v.Hancock, 108 Ohio St.3d 57, 2006-Ohio-160. The trial court impaneled a new jury and conducted a new hearing accordingly. The prosecution established the existence of the two aggravating circumstances during the guilt phase, and re-established their existence at the new sentencing hearing by way of testimony and exhibits. These included a copy of appellant's prior aggravated murder conviction and testimony showing that appellant was incarcerated when he committed Wagner's murder. The prosecution was thereafter obligated to prove that the aggravating circumstances outweighed the mitigating factors in order to warrant the death penalty. See R.C. 2929.03(D)(1).
 {¶ 13} Regarding the manner in which the trial court instructed the jury, appellant's sentence will not be reversed based upon erroneous jury instructions pertaining to the burden of proof unless it is clear that the instructions constituted prejudicial error. State v.McKibbon, Hamilton App. No. C-010145, 2002-Ohio-2041, 2002 WL 727009, at *4. A jury instruction constitutes prejudicial error where it results in a manifest miscarriage of justice. Id.
 {¶ 14} The trial court properly instructed the jury that the state retained the burden of proof, stating at voir dire:
 {¶ 15} "Just because the defendant is eligible for the death penalty, does not mean necessarily that that is the proper punishment here. If the two aggravating circumstances which I have already described for you, that have been proved [sic] beyond a reasonable doubt, are shown to you by the prosecution, to out weigh [sic] any mitigating factors beyond a reasonable doubt, then the death penalty is by law the *Page 5 
appropriate punishment and you shall also find."
 {¶ 16} The trial court further instructed:
 {¶ 17} "If the state fails to convince you beyond a reasonable doubt, that the two aggravating circumstances here, out weigh [sic] the mitigating factors, then a sentence of life in prison shall be your verdict * * *."
 {¶ 18} Immediately prior to closing arguments, the trial court re-iterated to the jury that "[t]he prosecution has the burden of proof in this case, and that will not change in any way." In addition, following closing arguments, the court also instructed the jury as follows:
 {¶ 19} "[T]he State of Ohio must prove beyond a reasonable doubt that the aggravating circumstances of which the Defendant was found guilty are sufficient to outweigh the factors in mitigation of imposing the death sentence. The Defendant does not have any burden of proof."
(Emphasis added.)
 {¶ 20} The trial court went on to instruct the jury:
 {¶ 21} "If you find that the State of Ohio has failed to prove beyond a reasonable doubt that the aggravating circumstances Timothy Hancock was guilty of committing are sufficient to outweigh the mitigating factors present in the case, then it will be your duty to decide which of the following life sentence alternatives should be imposed * * * ."
 {¶ 22} We find that the trial court's instructions embodied a correct statement of the applicable law, and did not constitute a manifest miscarriage of justice. Clearly, the court repeatedly instructed the jury that the burden was on the state to prove that the aggravating circumstances outweighed the mitigating factors in order to impose death. The jury is presumed to follow the jury instructions of the trial court. State v. Ahmed, *Page 6 103 Ohio St.3d 27, 2004-Ohio-4190, ¶ 147. Indeed, the jury presumably followed the court's instructions and found that the state did not meet its burden in view of the fact that the jury recommended a life sentence rather than death.
 {¶ 23} Furthermore, although appellant argues that the new jury was deprived of the opportunity to hear any mitigation evidence that may have been available during the guilt phase, appellant had the opportunity to offer mitigation evidence as he so chose at the new sentencing phase trial and, indeed, presented a number of witnesses on his behalf. Any omission to introduce potential mitigation evidence from the guilt phase is attributable only to appellant, who carried the burden to prove the mitigating factors by a preponderance of the evidence. R.C. 2929.03(D)(1); State v. Yarbrough, 95 Ohio St.3d 227,2002-Ohio-2126, ¶ 168.
 {¶ 24} We conclude that the record reveals no prejudicial error in the trial court's wording of the burdens of proof at the new sentencing phase hearing. Appellant's first and third assignments of error are overruled.
 {¶ 25} Assignment of Error No. 2:
 {¶ 26} "DEFENDANT-APPELLANT WAS PREJUDICED WHEN THE PROSECUTOR COMMITTED MISCONDUCT DURING THE STATE'S CLOSING ARGUMENT."
 {¶ 27} Appellant claims that the prosecutor engaged in misconduct sufficient to warrant a new sentencing phase trial. Appellant argues that, during closing argument, the prosecutor accused Dr. Stinson, appellant's medical expert witness, of "reaching" in diagnosing appellant with two psychological disorders. In addition, appellant maintains that the prosecutor vouched for the credentials of Dr. Lehrer, the state's medical expert *Page 7 
witness, and belittled Dr. Stinson and his training. Finally, appellant argues that the prosecutor referred to medical diagnoses and conclusions contained in reports from non-testifying doctors that were excluded from evidence in order to bolster the Dr. Lehrer's opinion that appellant was faking his mental illness.
 {¶ 28} Initially, we note that appellant failed to object to the alleged prosecutorial misconduct and therefore his argument has been forfeited unless we find plain error. See Crim. R. 52(B). Plain error exists where there is an obvious deviation from a legal rule which affected the defendant's substantial rights, or influenced the outcome of the proceeding. State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68. The burden is on the defendant to show a violation of his substantial rights. State v. Perry, 101 Ohio St.3d 118, 2004-Ohio-297, ¶ 14.
 {¶ 29} Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Landrum (1990), 53 Ohio St.3d 107, 111, quotingState v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. "A claim of error in a criminal case can not be predicated upon the improper remarks of counsel during his argument at trial, which were not objected to, unless such remarks serve to deny the defendant a fair trial." Landrum at 111, quoting State v. Wade (1978), 53 Ohio St.2d 182, paragraph one of the syllabus.
 {¶ 30} After reviewing the record, we do not find plain error on the basis of prosecutorial misconduct. Appellant's psychological state was an issue central to his defense and hotly contested. In offering his psychological state as a mitigation factor, appellant opened the door for the prosecution to rebut his claimed mental health issues. *Page 8 State v. Raglin, 83 Ohio St.3d 253, 261, 1998-Ohio-110. The fact that the prosecutor contrasted Dr. Stinson and Dr. Lehrer regarding the information reviewed by each of them and the amount of time each spent in appellant's presence did not amount to misconduct. State v.Allen, Summit App. No. 17017, 1995 WL 641134, at *8.
 {¶ 31} Appellant correctly asserts that the trial court excluded from evidence reports written by doctors who did not testify at the sentencing phase trial. However, the trial court expressly permitted counsel to refer to or quote, during closing arguments, those portions of the reports that were mentioned by the testifying witnesses.
 {¶ 32} The state maintains that the doctors referred to by the prosecutor in closing arguments were discussed or mentioned during the presentation of evidence, naming in its appellate brief Doctors Nedelkoff, Washington, Lee, Bevins, Ryan, Pervez, Kunkel, Carter, and Wooten.[1] Indeed, these doctors were referenced by testifying witnesses during the new sentencing phase trial. However, the state omits the names of three additional medical professionals to whom the prosecutor referred in closing, Doctors Falaira and Arakean and Nurse Jones. We are unable to extract from the voluminous record the location of the names or observations of these medical professionals as part of the evidence before the court at the new sentencing phase trial. We are thus unable to decipher whether or how any of the testifying witnesses based their opinions on these three medical professionals. Accordingly, the prosecutor's mention of these three non-testifying medical professionals was improper.
 {¶ 33} Nonetheless, we do not find that such conduct prejudicially affected appellant's substantial rights. We must view the prosecutor's closing argument in its *Page 9 
entirety, not as isolated statements. State v. LaMar, 95 Ohio St.3d 181,2002-Ohio-2128, ¶ 168. The prosecutor's brief references to the three non-testifying medical professionals provided cumulative reinforcement of medical opinions already in evidence. While this may have bolstered the state's case to a minor degree, it is highly doubtful that, but for the mention of these three medical professionals, the outcome of the sentencing phase trial would have been different. Barnes,94 Ohio St.3d at 27. The record contains ample evidence in support of the life sentence, and the passing mention of these three medical professionals likely did not dictate the outcome of the case. Because the prosecutor's improper statements did not deny appellant a fair trial, we find no plain error.
 {¶ 34} Appellant's second assignment of error is overruled.
 {¶ 35} Assignment of Error No. 4:
 {¶ 36} "DEFENDANT-APPELLANT WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF HIS COUNSEL."
 {¶ 37} Appellant insists that defense counsel's performance was deficient in that counsel failed to object to the trial court's act of allegedly shifting the burden of proof to appellant and to the alleged prosecutorial misconduct.
 {¶ 38} To establish ineffective assistance, appellant must show that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. Strickland v. Washington
(1984), 466 U.S. 668, 687-88, 693, 104 S.Ct. 2052. Prejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. at 694. A strong presumption exists that a licensed attorney is competent and that the challenged action *Page 10 
is the product of sound trial strategy and falls within the wide range of professional assistance. State v. Bradley (1989), 42 Ohio St.3d 136,142, citing Strickland at 689.
 {¶ 39} We have already determined that the trial court did not shift the burden of proof to appellant and that the prosecutor's comments during closing did not deny appellant a fair trial. Therefore, defense counsel's failure to object to these alleged errors was not deficient.
 {¶ 40} Appellant's fourth assignment of error is overruled.
 {¶ 41} Assignment of Error No. 5:
 {¶ 42} "THE CUMULATIVE EFFECT OF THE NUMEROUS ERRORS PREJUDICED DEFENDANT-APPELLANT AND DENIED HIM A FAIR SENTENCING-PHASE TRIAL."
 {¶ 43} Appellant argues that even if any of the individual errors set forth in the preceding assignments of error are deemed to be harmless, the cumulative effect of the errors denied him a fair trial.
 {¶ 44} Under the doctrine of cumulative error, "a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal." State v. Garner, 74 Ohio St.3d 49, 64,1995-Ohio-168, citing State v. DeMarco (1987), 31 Ohio St.3d 191, paragraph two of the syllabus. The doctrine essentially requires an analysis of whether all of the "harmless errors" in the case have a total cumulative effect of denying a defendant his or her constitutional right to a fair trial.
 {¶ 45} We have already stated that the sole error, the prosecutor's improper *Page 11 
references to the three non-testifying medical professionals during closing arguments, did not serve to deprive appellant a fair trial. In the absence of any other errors, the doctrine of cumulative error has no application to this case.
 {¶ 46} Appellant's fifth assignment of error is overruled.
 {¶ 47} Judgment affirmed.
WALSH, P.J. and POWELL, J., concur.
[1] The precise spelling of these doctors' names is uncertain. Some of the names are spelled differently throughout the transcript. *Page 1